STATE OF WEST VIRGINIA

FILED
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID ROUSH,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0382** (BOR Appeal No. 2047731)
                    (Claim No. 2012008820)

**MOSES FORD, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Roush, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Moses Ford, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 20, 2013, in which the Board affirmed a September 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 10, 2012, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Roush worked for Moses Ford, Inc. On August 25, 2011, Mr. Roush injured his back while pulling tires off a vehicle. The claims administrator held the claim compensable for a lumbar sprain. William Hoh, M.D., then evaluated Mr. Roush and diagnosed him with a lumbosacral strain and lower extremity symptoms suggestive of spinal nerve neuropathy. Dr. Hoh found that Mr. Roush complained of constant pain but determined that he had reached his maximum degree of medical improvement. Mr. Roush was then treated by Allen Young, M.D., who found that Mr. Roush could not return to his pre-injury employment. Dr. Young, however,

1

indicated that Mr. Roush's condition had not changed since his last visit and suggested that he might have reached his maximum degree of medical improvement. On April 10, 2012, the claims administrator closed the claim for temporary total disability benefits. On September 12, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on March 20, 2013, leading Mr. Roush to appeal.

The Office of Judges concluded that Mr. Roush had reached his maximum degree of medical improvement with respect to the August 25, 2011, compensable injury. The Office of Judges found that Dr. Hoh concluded that Mr. Roush had reached his maximum degree of medical improvement, which effectively terminated his right to temporary total disability benefits. The Office of Judges also found that Dr. Young, Mr. Roush's treating physician, had found that he had reached his maximum degree of medical improvement. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Roush argues that he is entitled to temporary total disability benefits from January 4, 2012, through June 5, 2012.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Roush has not demonstrated that he is entitled to any additional temporary total disability benefits. In his independent medical evaluation, Dr. Hoh determined that Mr. Roush had reached his maximum degree of medical improvement with respect to his compensable lumbar strain. This determination by Dr. Hoh effectively terminates Mr. Roush's entitlement to temporary total disability benefits. West Virginia Code § 23-4-7(a)(e) (2005). Dr. Hoh's finding is consistent with the evidence in the record, and the Office of Judges was justified in relying on his opinion. Mr. Roush has not presented any evidence undermining the credibility of Dr. Hoh's report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II